Cite as 2020 Ark. App. 128

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-19-704

|  |  |
|---|---|
| | **Opinion Delivered:** February 19, 2020 |
| CHARLES MORGAN<br>**APPELLANT** | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57JV-17-30] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>**APPELLEES** | HONORABLE JERRY RYAN, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**PHILLIP T. WHITEAKER, Judge**

Appellant, Charles Morgan, appeals a Polk County Circuit Court order terminating his parental rights to two children, C.M. and A.M. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2019), Morgan's counsel has filed a motion to be relieved as counsel and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. The clerk of our court sent copies of the brief and the motion to withdraw to Morgan, informing him of his right to file pro se points for reversal pursuant to Rule 6-9(i)(3); he has done so. We cannot reach a decision on the merits at this time, however.

First, we note that the addendum in this case is lacking several documents necessary for our review. Arkansas Supreme Court Rule 6-9(e)(2)(E) states that the appellant's petition shall contain the following:

an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, or letter opinion from which the appeal is taken, a copy of the notice of appeal, and any other relevant pleadings, documents, or exhibits essential to an understanding of the case, which may include, but are not limited to, affidavits, petitions, case plan, court reports, court orders, or other exhibits entered into the record during the hearing from which the appeal arose, and all orders entered in the case prior to the order on appeal.

It appears that the addendum in this case is missing the petition for emergency custody and dependency neglect; the ex parte order for emergency custody; the order on probable cause;[1] and the June 21, 2018 permanency-planning order. These documents are necessary because the process leading up to a termination of parental rights consists of a series of hearings—probable cause, adjudication, review, no reunification, disposition, and termination—and all of these hearings build on one another, and the findings of previous hearings are elements of subsequent hearings. *See Osborne v. Ark. Dep't of Human Servs.*, 98 Ark. App. 129, 136, 252 S.W.3d 138, 143 (2007). Thus, we must review these documents in our de novo review of the termination of Morgan's parental rights. Additionally, the addendum in this case is missing the notice of appeal. Our rules specifically require the inclusion of this document in the addendum so that we may confirm our jurisdiction on appeal. *See Kimble v. Hino Motors Mfg. USA, Inc.*, 2012 Ark. App. 376.

---

[1]In conducting our review of the record, it appears that the probable-cause order listed on the docket sheet is missing from the certified appellate record. If this document is contained in the trial court record, the appellate record must also be supplemented to include it; otherwise, the record should be settled to accurately reflect the proceedings below and the record supplemented.

Finally, appellate counsel in the statutory-grounds portion of his argument references facts and circumstances arising from another termination proceeding not involving this appellant. Therefore, on rebriefing counsel should remedy this error.

In sum, we deny Morgan's counsel's motion to withdraw, and we remand the case and order counsel to settle and supplement the record within thirty days of the date of our opinion. We further order counsel to submit a substituted brief that corrects the briefing deficiencies and contains an addendum that complies with our rules. Counsel has fifteen days from the date he files the supplemental record in which to file a substituted brief, abstract, and addendum to cure the deficiencies. Ark. S. Ct. R. 4-2(b)(3).

Remanded to settle and supplement the record; rebriefing ordered; motion to withdraw denied.

HIXSON and MURPHY, JJ., agree.

*Thomas Wilson*, for appellant.

One brief only.