Cite as 2020 Ark. App. 409

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-19-704

| | |
|---|---|
| CHARLES MORGAN<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered:** September 16, 2020<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57JV-17-30]<br><br>HONORABLE JERRY RYAN, JUDGE<br><br>SUPPLEMENTAL ADDENDUM ORDERED; MOTION TO WITHDRAW DENIED |

## PHILLIP T. WHITEAKER, Judge

Appellant, Charles Morgan, appeals a Polk County Circuit Court order terminating his parental rights to two children, C.M. and A.M. Morgan's counsel initially filed a no-merit brief and motion to withdraw as counsel pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2019). Due to various deficiencies in the record and brief, we denied counsel's motion to withdraw and ordered him to supplement the record and cure the briefing deficiencies. *Morgan v. Ark. Dep't of Human Servs.*, 2020 Ark. App. 128. As ordered, Morgan's counsel filed the supplemental record along with a substituted no-merit brief and motion to be relieved as counsel. Counsel, however, has failed to cure all the deficiencies identified in our previous opinion.

In our previous opinion in this case, we specifically noted that the addendum to the no-merit brief failed to include the notice of appeal. The substituted brief filed by counsel again fails to include the notice of appeal.[1] Rule 6-9 provides in relevant part as follows:

> Following the signature and certificate of service, the appellant's petition shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, or letter opinion from which the appeal is taken, *a copy of the notice of appeal*, and any other relevant pleadings, documents, or exhibits essential to an understanding of the case[.]

Ark. Sup. Ct. R. 6-9(e)(2)(E) (emphasis added). Further, Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) provides that all notices of appeal must be included in the addendum along with "any other pleading or document in the record that is essential for the appellate court to affirm its jurisdiction, to understand the case, and to decide the issues on appeal."

In the instant case, Morgan's notice of appeal is included in the record but is not included in the addendum. Further, the last page of the June 21, 2018 permanency-planning order is missing. Because the rules above require that the addendum include the notice of appeal and all documents essential for this court to understand the case, counsel must supplement the addendum with the notice of appeal and the missing page of permanency planning order.

Rule 4-2 provides that if this court determines that deficiencies or omissions in the abstract or addendum need to be corrected but complete rebriefing is not needed, then the court will order appellant to file a supplemental abstract or addendum within seven calendar

---

[1]We note that the table of contents indicates that the notice of appeal should be found on addendum pages 65–67. Our addendum ends at page 63. It appears that the missing pages may have simply been omitted inadvertently when the brief was filed.

days to provide the additional materials from the record to the members of the appellate court. Ark. Sup. Ct. R. 4-2(b)(4). Accordingly, we order counsel to file the supplemental addendum containing the missing pages within seven calendar days of the date of this opinion. We encourage counsel to carefully and thoroughly review our rules to ensure that no additional deficiencies are present. Ark. Sup. Ct. R. 4-2(b)(4).

Supplemental addendum ordered; motion to withdraw denied.

VIRDEN and GLADWIN, JJ., agree.

*Thomas Wilson*, for appellant.

One brief only.